```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ALLIANZ GLOBAL CORPORATE & SPECIALTY,
as subrogee and assignee of SOUTHERN
TELECOM INC.,                                    13 Civ. 7559 (PAC)

                    Plaintiff,                   ANSWER WITH AFFIRMATIVE
                                                 DEFENSES AND CROSS-CLAIMS
        -against -

"CHISWICK BRIDGE", her engines,
tackle, boilers, etc, in rem.;
KAWASAKI KISEN KAISHA CO., LTD; "K"
LINE AMERICA, INC.; PORT NEWARK
CONTAINER TERMINAL; PORTS AMERCIA,
TRANS GLOBAL LOGISTICS; HUA FENG
(USA) LOGISTICS INC.,

                    Defendants.
----------------------------------------X
```

Defendants KAWASAKI KISEN KAISHA CO., LTD. ("'K' LINE") and "K" LINE AMERICA, INC. ("'K' LINE AMERICA") (collectively "answering defendants"), by their attorneys Mahoney & Keane, LLP, answer the Complaint of plaintiff upon information and belief as follows:

FIRST: Answering defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "3", "4", "5", "6", and "7" of plaintiff's Complaint.

SECOND: Answering defendants deny the allegations contained in paragraph "8" of plaintiff's Complaint insofar answering defendants are concerned, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" and of plaintiff's complaint.

1

**AS AND FOR AN ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION**

THIRD: Answering defendants repeat and reiterate their responses to the allegations contained in paragraphs "1" through "8" of the plaintiff's complaint as if more fully set forth herein at length in response to paragraph "9" of plaintiff's complaint.

FOURTH: Answering defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "10", "11", "15", "16", "17", and "21" of plaintiff's Complaint.

FIFTH: Answering defendants deny the allegations contained in paragraphs ""12", "13", "14", "18", "19", "20", and "22" of plaintiff's complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S SECOND CAUSE OF ACTION**

SIXTH: Answering defendants repeat and reiterate their responses to the allegations contained in paragraphs "1" through "22" of the plaintiff's complaint as if more fully set forth herein at length in response to paragraph "23" of plaintiff's complaint.

SEVENTH: Answering defendants deny the allegations contained in paragraphs "24" and "25" of plaintiff's complaint.

**AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

EIGHTH: Complaint fails to state a claim against answering defendants on which relief can be granted.

**AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

NINTH: Answering defendants are not liable to plaintiff on the causes of action alleged in the Complaint.

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TENTH: If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the answering defendants are exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

ELEVENTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which answering defendants are liable, said damages must be limited pursuant to 46 U.S.C. § 1304(5).

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWELFTH: If there was any loss of and/or damage to cargo as alleged in the Complaint, answering defendants are not liable to the plaintiff by reason of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

THIRTEENTH: If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendants are exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

## AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH: Answering defendants put plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

## AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of answering defendant or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering defendants or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and answering defendants are not under any liability for any such loss or damage.

## AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH: (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, answering defendants are not under liability therefore.

**AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

SEVENTEENTH: Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the doctrine of laches.

**AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

EIGHTEENTH: Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendants had and have no direction or control.

**AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

NINETEENTH: Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

**AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTIETH: Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of answering defendants, and as such plaintiff is barred from recovery in this action.

**AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-FIRST: Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

**AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-SECOND: Plaintiff has failed to mitigate its damages.

**AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-THIRD: The Complaint should be dismissed pursuant to the doctrine of _forum_ _non_ _conveniens_.

**AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTHY-FOURTH: The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

**AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-FIFTH: The terms of the bill of lading, tariff, charter party, and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

**AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-SIXTH: Plaintiff has failed to bring answering defendants within the personal jurisdiction of the Court.

**AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-SEVENTH: This Court lacks personal jurisdiction of the answering defendants.

### AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: Plaintiff has failed to make proper service of process upon answering defendant.

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH: Answering defendant was an agent for a disclosed principal at all times at issue and therefore is not liable on the causes of action alleged.

### AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate or proceed in another forum that may exist between the parties.

### AS AND FOR A TWENTY-FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST: Any damage as alleged in plaintiff's Complaint was caused by Act of God and/or force majeure, and answering defendants are thus under no liability therefor.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS "CHISWICK BRIDGE", PORT NEWARK CONTAINER TERMINAL, PORTS AMERICA, TRANS GLOBAL LOGISTICS, and HUA FENG (USA) LOGISTICS INC.

THIRTY-SECOND: This is a claim under the Court's admiralty and maritime jurisdiction, and under the Court's diversity and pendent jurisdiction.

THIRTY-THIRD: At all pertinent times "K" LINE was and is a corporation duly organized and existing pursuant to the laws of a foreign country, and "K" LINE AMERICA was and is a corporation organized and existing pursuant to the laws of one of the States of the United States.

THIRTY-FOURTH: At all pertinent times the "CHISWICK BRIDGE" was a sea-going vessel in the business of carrying cargo by sea.

THIRTY-FIFTH: At all pertinent times defendants PORT NEWARK CONTAINER TERMINAL, PORTS AMERICA, TRANS GLOBAL LOGISTICS, and HUA FENG (USA) LOGISTICS INC. (collectively "co-defendants"), were and are corporations duly organized and existing pursuant to the laws of a foreign country and/or one of the States of the United States.

THIRTY-SIXTH: If plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of the "CHISWICK BRIDGE" and co-defendants.

THIRTY-SEVENTH: That if answering defendants are found responsible for any of the loss and/or damage sustained by plaintiff, answering defendants are entitled to indemnification and/or contribution in whole or in part from the co-defendants, "CHISWICK BRIDGE", PORT NEWARK CONTAINER TERMINAL, PORTS AMERICA, TRANS GLOBAL LOGISTICS, and HUA FENG (USA) LOGISTICS INC., for said losses and/or damage, including costs and reasonable counsel fees.

WHEREFORE, answering defendants, "K" LINE and "K" LINE AMERICA, demand judgment dismissing the Complaint and awarding to answering defendants costs, fees, including reasonable attorneys' fees and disbursements of this action; and further demand judgment against the co-defendants, "CHISWICK BRIDGE", PORT NEWARK CONTAINER TERMINAL, PORTS AMERICA, TRANS GLOBAL LOGISTICS, and HUA FENG (USA) LOGISTICS INC., for all sums which may be recovered by plaintiff against answering defendants, as well as costs and fees, including attorney's fees and disbursements of this action; and further request such other and further relief the Court may deem just and proper.

Dated: New York, New York
       December 2, 2013

                       MAHONEY & KEANE, LLP
                       Attorneys for Defendants
                       "KAWASAKI KISEN KAISHA CO., LTD.
                       and "K" LINE AMERICA

By: _____
    Edward A. Keane
    40 Worth Street, Tenth Floor
    New York, New York 10013
    (212) 385-1422
    File No. 12/4243